**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION**

**DAWN GEORGETTE MYERS,**

**Plaintiff,**

**vs.** **CASE NO.: 6:04-cv-1542-Orl-28DAB**

**CENTRAL FLORIDA INVESTMENTS, INC., DAVID SIEGEL, WESTGATE RESORTS, INC., WESTGATE RESORTS, LTD., WESTGATE LAKES, INC., WESTGATE LAKES, LTD., CFI SALES & MARKETING, LTD., MICHAEL MARDER, and GREENSPOON, MARDER HIRSCHFELD RAFKIN ROSS & BERGER, P.A.,**

**Defendants.**

---

## ORDER

Plaintiff, Dawn Georgette Myers, has filed an eleven-count Complaint against Defendants she alleges to have been her employers claiming employment discrimination and hostile work environment in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.*, and Title VII, 42 U.S.C. § 2000e *et seq*. The Complaint also includes numerous Florida state law claims. Defendants have moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motions to dismiss must be granted as to all counts except Counts 2 and 4, alleging gender discrimination, and Counts 6 and 7, alleging battery and assault.

The list of Defendants includes David Siegel and certain business entities that Plaintiff alleges he controlled. These entities are Central Florida Investments, Inc., CFI Sales & Marketing, Ltd., Westgate Resorts, Inc., Westgate Resorts, Ltd., Westgate Lakes, Inc.,

Westgate Lakes, Ltd. ("employer Defendants"). The remaining Defendants are Michael Marder and Greenspoon Marder Hirschfeld Rafkin Ross & Berger, P.A., ("the law firm"). Marder and the law firm are attorneys who represented the employer Defendants. Counts 2 and 4 of the Complaint allege the employer Defendants engaged in gender discrimination in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.*, and Title VII, 42 U.S.C. § 2000e *et seq.*, respectively. Counts 3 and 5 of the Complaint accuse the employer Defendants of maintaining a hostile work environment in violation of the same state and federal statutes. The state law claims include abuse of process (Count 1), battery (Count 6), assault (Count 7), slander (Count 8), malicious prosecution (Count 9), conspiracy (Count 10), and statutory attorney's fees (Count 11).

## I. BACKGROUND

The alleged facts relevant to the instant motions, which must be accepted as true for purposes of considering a motion to dismiss, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), are as follows. Myers was employed by Defendant David Siegel and at least one of the employer Defendants. Plaintiff alleges that during her term of employment Siegel sexually harassed her. Specifically, Plaintiff complains that during 1999 and 2000, Siegel's wife Jacqueline Siegel, repeatedly solicited Plaintiff to engage in sexual activity with the Siegels, referred to in the Complaint as a *menage a trois*. (Am. Compl. ¶¶ 30, 31.) During Plaintiff's "last few years of employment," Siegel himself also made sexual propositions to Plaintiff and threatened to have physical sexual contact with Plaintiff. (Am. Compl. ¶¶ 33, 34.) On multiple occasions during 2000, Siegel rubbed, touched, and kissed Plaintiff. (Am. Compl. ¶ 34.)



AO 72A
(Rev.8/82)

Plaintiff's employment was involuntarily terminated on December 13, 2000. Several years later, Defendant Central Florida Investments, Inc. ("CFI") sued Plaintiff in state court for payment on an $8,000 promissory note.[1] Myers raised counterclaims, which prompted CFI to remove the case to this court. (Am. Comp. ¶ 42.) Following the removal, the case was then remanded to state court. Thereafter, CFI voluntarily dismissed its suit on the promissory note. According to Plaintiff, she had earlier paid the amount due on the promissory note, and the suit was filed for the pupose of further harassing and embarrassing her. (Am. Compl. ¶ 111.)

Following the dismissal, Myers again filed her claims in state court seeking relief against Defendants. Defendants then removed the case to this Court. Thereafter, Plaintiff filed her Amended Complaint, which is presently pending before this Court and is the subject of Defendants' motions to dismiss.

## II. DISCUSSION

### A. Motion to Dismiss

To warrant dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In determining whether to grant a motion to dismiss, a court must accept all the factual allegations in the complaint as true and consider all reasonable inferences derived therefrom in the light most favorable to the plaintiff.

[1] On September 25, 2001, Defendants filed a separate state court suit against Myers for "claims arising out of Ms. Myers' compensation as Siegel's employee." (Am. Compl., ¶ 38.) This suit is still pending and has no bearing on the instant action.



AO 72A
(Rev.8/82)

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jackson v. Okaloosa Co., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994).

B. FCRA and Title VII Claims of Disparate Treatment (Counts 2 and 4)

In his Motion to Dismiss, Defendant Siegel argues that Plaintiff cannot maintain actions for gender discrimination or hostile work environment against him personally, because the Complaint describes him as Plaintiff's supervisor. Supervisors generally cannot be held liable for violations of Title VII's anti-discrimination prohibitions. See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). On the other hand, a supervisor who is also the plaintiff's employer may be liable as an employer for his or her illegal conduct. See Sparks v. Pilot Freight Carriers, Inc., 830 F.2d 1554, 1557-58 (11th Cir. 1987). Plaintiff properly alleges that "Siegel" is a "covered employer" subject to suit, (Am. Compl. ¶¶ 58, 70), and this allegation fulfills the basic requirements of notice pleading, Fed. R. Civ. Pro. 8(a). Siegel's actual employer status may be examined in discovery.

C. FCRA and Title VII Claims of Hostile Work Environment (Counts 3 and 5)

Plaintiff alleges sufficient facts regarding the hostile work environment created by sexual harassment attributed to the employer Defendants. (Am. Compl. ¶¶ 33-34.) See Swierkiewicz v. Sorema, N. A., 534 U.S. 506, 513 (2002). Defendants, however, move to dismiss Counts 3 and 5 because Plaintiff has failed to file a timely claim. To make a viable claim for hostile work environment, an employee must file an employment discrimination charge with the Equal Employment Opportunity Commission within 300 days from the time when the unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). Failure to do so



AO 72A
(Rev.8/82)

will result in dismissal of the claim. See e.g., E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002).

Plaintiff has failed to allege any instance of sexual harassment occurring within 300 days of the filing of her EEOC complaint, as required by 42 U.S.C. § 2000e-5(e)(1). Indeed, it appears Plaintiff has been deliberately vague in describing when offensive events upon which these claims are based occurred. Whether this is fatal to Plaintiff's claims is unclear. This confusion is compounded because when "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002). Therefore, Counts 3 and 5 shall be dismissed without prejudice.

C. State Law Claims

1. Jurisdiction

Section 1367 of Title 28 of the United States Code provides that when a district court has original jurisdiction over an action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court may decline jurisdiction over a state law claim if the claim raises a novel or complex issue of state law, substantially predominates over the federal claim, or there are other compelling reasons for declining jurisdiction. 28 U.S.C.A. § 1367(c); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966).

Plaintiff's state law claims for abuse of process, slander, malicious prosecution, conspiracy, and attorney's fees all arise from CFI's allegedly baseless state court suit on the



AO 72A
(Rev.8/82)

promissory note. These claims do not implicate Plaintiff's claims for employment discrimination, and they run the risk of predominating over Plaintiff's employment discrimination claims. Furthermore, the claims raise novel and complex issues of state law not suitable for this Court's determination. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.

The Court will retain jurisdiction over Plaintiff's assault and battery claims. The events forming the basis of Plaintiff's employment discrimination claims include the events that underlie her claims for assault and battery, and the available damages are the same. See 42 U.S.C. 1981a(a)-(b) (authorizing compensatory and punitive damages in certain Title VII suits). The theories underlying the assault and battery claims are not novel or complex, nor will these claims predominate over the federal claims. Indeed, principles of economy, convenience, and fairness would be better served by retaining jurisdiction over these claims. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172-73 (1997) (noting that these principles provide justification for supplemental jurisdiction).

2. Motion to Dismiss Assault and Battery Claims

Siegel's motion to dismiss Plaintiff's assault and battery claims must be denied. Plaintiff alleges unwelcome and offensive contact within the four-year statute of limitations. (Am. Compl., ¶¶ 79, 85.) Plaintiff also adequately identifies and describes instances of contact occurring "prior to May 20, 2000, to the weekend before Halloween 2000." (Am. Compl. ¶ 34.) Also, the Court exercises its discretion to retain jurisdiction over these state law claims

pursuant to 28 U.S.C.A. § 1367(c) because they appear to be intricately intertwined with the Title VII and FCRA claims.

## III. CONCLUSION

For the foregoing reasons, it is ORDERED and ADJUDGED as follows:

(1) Defendants' motions to dismiss Plaintiff's amended complaint for failure to state a claim (Docs. 22, 23, and 24) are **GRANTED IN PART** and **DENIED IN PART** as follows:

(a) Plaintiff's state law claims for abuse of process (Count) 1, slander (Count 8), malicious prosecution (Count 9), conspiracy (Count 10), and attorney's fees (Count 11) are **DISMISSED** because the Court declines supplemental jurisdiction;

(b) Plaintiff's FCRA and Title VII hostile work environment claims (Counts 3 and 5) are **DISMISSED** with leave to amend. *This will be Plaintiff's final opportunity to amend her Complaint*;

(c) Defendants' motions are **DENIED** as to all other Counts.

(2) Defendants' motion for a more definite statement (Doc. 25) and Plaintiff's motion for summary judgment on Count 11 (Doc. 32) are **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on this 19th day of April, 2005.

**JOHN ANTOON II**
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record



AO 72A
(Rev.8/82)