UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA ANDRADE,

    Plaintiff,

vs.

CASE NO. 94-2077-CIV-T-17A

SATURN CORPORATION, a
Tennessee Corporation, MORSE
OPERATIONS, INC., a Florida
Corporation, and DON KILEY, an
individual resident of Florida,

    Defendants.

RECEIVED
JAN 3 1 1996
Spriggs & Johnson

## ORDER ON MOTION TO DISMISS

This cause is before the Court on Defendant's, Morse Operations, Inc., Motion to Dismiss Count III of the Complaint (Dkt. No. 6). Defendant filed a memorandum of law in support of its Motion to Dismiss Count III of the Complaint (Dkt. No. 7). Plaintiff Teresa Andrade, (hereafter "Andrade") filed a response to the Motion to Dismiss (Dkt. No. 11).

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A trial court, when ruling on a motion to dismiss is required to view the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed. 2d 90 (1974).

FACTUAL BACKGROUND

The Complaint in this action was filed December 28, 1994, by Plaintiff, Andrade, against Saturn Corporation (hereafter "Saturn"), Morse Operations, Inc. (hereafter "Morse"), and Don Kiley (hereafter "Kiley"). Count I and Count II of the Complaint contain the following causes of action against all Defendants: Count I, sexual discrimination (federal) as a result of violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000 E, et seq.), and state laws, and Count II, sexual discrimination (Florida) as a result of violations of the Florida Civil Rights Act, Chapter 760 of the Florida Statutes. Count III of the Complaint contains a cause of action for negligent retention against Morse.

Defendant Morse seeks dismissal of Count III of the Complaint, stating the following grounds: (1) Count III fails to state a claim upon which relief can be granted under the Florida common law tort theory of negligent retention because Plaintiff failed to allege an underlying tort committed by the allegedly negligently retained employee, Kiley; (2) The Court should decline to exercise supplemental jurisdiction over the novel state law claim asserted in Count III; and (3) Count III claim for "exemplary damages" should be dismissed because Plaintiff has failed to plead facts that would support such an award for damages.

In Count III of the Complaint, Andrade alleges a cause of action for negligent retention. Andrade asserts in paragraph 47 of her Complaint (Dkt. No. 1) that Morse and its management had actual and constructive knowledge of Kiley's conduct. Andrade asserts in paragraph 48 of her Complaint that Morse

2

failed to take any action, investigation, discharge or reassignment of Defendant Kiley, despite knowledge that during the course of his employment he was engaged in sexual discrimination against the female employees of Morse.

### DISCUSSION

A. <u>Defendant's Motion to Dismiss Count III for failing to state a claim for negligent retention under Florida law</u>

Morse argues that Plaintiff fails to allege that Kiley engaged in any tortious conduct. Absent allegations of underlying tortious conduct by the employee, a claim for negligent retention cannot be stated against the employer. See, Texas Skaggs, Inc. v. Joannides, 372 So.2d 985 (Fla. 2d DCA 1979). Morse's argument depends entirely on the assertion that Kiley's alleged discriminatory conduct did not amount to tortious conduct. In fact, in Morse's memorandum of law in support of its Motion to Dismiss Count III of the Complaint, Morse states that "although such allegations may support a prima facie case for discrimination under Title VII or the Florida Human Rights Act, none even arguably support a tort action" (Dkt. No. 7 at page 4).

Under Florida common law, employers can be held liable for negligent hiring or retention of an employee. "The concept of employer liability for negligent hiring or retention of an employee is not of recent vintage in the law of Florida, having found clear expression at least by 1954.." Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744 (Fla. 1st DCA 1991). In Florida, the tort of negligent retention of an employee occurs when, "during the course of employment, the

3

employer becomes aware or should have become aware of problems with an employee that indicate his unfitness, but the employer fails to take further action, such as investigation, discharge, or reassignment." Id. at 753.

Plaintiff's Complaint alleges: (1) Morse had actual or constructive knowledge of Kiley's discriminatory conduct; and (2) Morse failed to take any action, investigation, discharge or reassignment of Kiley, notwithstanding its knowledge that during the course of employment Kiley was engaged in sexual discrimination against female employees of Morse. Plaintiff has met the requirements for stating a claim for negligent retention under Florida law as required by Tallahassee Furniture Co..

The Court disagrees with Morse's argument that sexual discrimination allegations in the Complaint fail to support a tort action. See, Gomez v. Metro Dade County, 801 F.Supp 674 (S.D.Fla. 1992) (holding public policy requires that employers be held accountable in tort for the sexually harassing environments they permit to exist ...)

Since the Court accepts the allegations in the Complaint as true, U.S. v. Mississippi, 380 U.S. 128; 85 S.Ct. 808; 13 L.Ed.2d 717 (1965) and Plaintiff has alleged sufficient facts to state a cause of action for negligent retention, the Motion to Dismiss on the above stated ground is denied.

B. **Defendant's Motion to Dismiss Count III under 28 U.S.C. §1367(c) as Raising Novel or Complex Issues of State Law**

This Court, pursuant to 28 U.S.C. §1367, maintains

4

supplemental jurisdiction over all other claims unless as provided in subsection (c). Specifically §1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

None of the exceptions specified in §1367(c) apply to the instant case. Negligent retention is not a novel or complex issue of state law. Negligent retention is not a "novel" issue given the fact that it has been recognized in Florida since 1954. <u>Tallahassee Furniture Co.</u> at 753. Additionally, this Court finds that the elements of proof required for negligent retention are not too complex for this Court to decide. For these reasons, this Court does not view the tort of negligent retention as a novel or complex issue of state law better left for state courts to decide.

Further, the state claim of negligent retention does not predominate over the Title VII discrimination claim over which this Court has original jurisdiction. The state claim is based on the same alleged discriminatory acts as the Title VII sexual

discrimination claim.

This Court has not dismissed any claims of original jurisdiction. Since the Title VII claim has not been dismissed, §1367(c)(3) does not apply.

Finally, there are no other compelling reasons for declining jurisdiction which would warrant the application of §1367(c)(4).

Defendant relies on Winn v. North American Philips Corp., 826 F.Supp 1424 (S.D.Fla. 1993) in requesting this Court to decline to exercise supplemental jurisdiction. In Winn, the court dismissed an employee's claims against former employer for negligent hiring, negligent retention, negligent supervision, negligent misrepresentation, promissory estoppel, intentional infliction of emotional distress and tortious sexual harassment as creating novel and complex questions of state law which would predominate over federal civil rights claims in the case justifying denial of supplemental jurisdiction. Id. at 1425, 1426.

This Court is not persuaded by the holding in Winn. Other courts have approved supplemental jurisdiction in cases where discrimination counts have been joined with negligent retention counts. See, Gomez v. Metro Dade County, Fla., 801 F.Supp 674

(S.D.Fla. 1992) (the Southern District approved supplemental jurisdiction over Plaintiff's §1983 claim, Title VII claim and negligent retention and supervision claim); <u>Watson v. Manufacturing Corp.</u>, 844 F.Supp, 1533 (S.D.Fla. 1993) (the Southern District approved supplemental jurisdiction over Plaintiff's Title VII claims and negligent hiring and retention claim).

"It is extremely desirable for federal courts to have the authority to decide the entire case, including the matters that are not part of federal jurisdiction. Judicial economy is served by having a matter litigated in one court rather than two or more tribunals." Erwin Chemerensky, Federal Jurisdiction, (2nd ed. 1994). Since judicial economy is served by having the entire case heard by this Court and since this Court is unpersuaded by Defendant's argument that the claim of negligent retention raises a novel or complex issue of state law, Defendant's Motion to Dismiss Count III pursuant to 28 U.S.C. §1367(c) is <u>denied</u>.

C. <u>Defendant's Motion to dismiss Plaintiff's claim for exemplary or punitive damages for failure to allege conduct which could support a claim for exemplary or punitive damages.</u>

Defendant argues that Plaintiff has not made any allegations in her Complaint which support a claim for punitive damages. Specifically, Plaintiff has not made any allegations which suggest Morse's alleged breach of duty rose to the level required to

7

Case No. 94-2077-Civ-T-17

support a claim for punitive damages.

In Florida, exemplary or punitive damages are available in negligent hiring or retention cases in the following set of circumstances: (1) when conduct is so gross or flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effect of its conduct; or (2) when conduct so entirely lacked any care that defendant must have been consciously indifferent to the consequences; or (3) when conduct shows wantonness or recklessness, or a grossly careless disregard of the safety of and welfare of the public; or (4) when such conduct showed a reckless indifference to the rights of others which is equivalent to an intentional violation of those rights. Tallahassee Furniture Co. at 764.

This Court finds that general allegations in the complaint meet the prerequisites to sustain Plaintiff's claim for exemplary or punitive damages; therefore Defendant's Motion to Dismiss Plaintiff's claim for exemplary or punitive damages is denied. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss (Dkt. No. 6) is denied as to all Counts.

DONE AND ORDERED in Chambers, in Tampa, Florida, on this 29th day of March, 1995.

ELIZABETH A. KOVACHEVICH
United States District Court

Copies to:
All parties and counsel of record

8