# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAWN GEORGETTE MYERS,**

    **Plaintiff,**

**-vs-**              Case No. 6:04-cv-1542-Orl-28DAB

**CENTRAL FLORIDA INVESTMENTS, INC., DAVID SIEGEL, WESTGATE RESORTS, INC., WESTGATE RESORTS, LTD., CFI SALES AND MARKETING, LTD.,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**  **SIEGEL'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. No. 53)**
>
> **FILED:**   **May 27, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part and denied, in part**.
>
> **MOTION:**  **WESTGATE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. No. 54)**
>
> **FILED:**   **May 27, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part and DENIED, in part**.

Plaintiff's Second Amended Complaint (Doc. No. 47) is in nine counts: Sex Discrimination and Harassment in violation of Title VII, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981a (herein "Title VII") against Central Florida Investments, Inc., CFI Sales & Marketing, Ltd., Westgate Resorts, Inc., and Westgate Resorts, Ltd. (collectively "Westgate") (Count 1); Retaliation in violation of Title VII against Westgate (Count II); Sex Discrimination and Harassment in violation of the Florida Civil Rights Act of 1992, Chapter 760 (herein "FCRA") (Count III); Retaliation in violation of the FCRA against Westgate (Count IV); Retaliation in violation of the Florida Private Whistleblower Act, Fla. Stat. § 448.101-105 (herein "Florida Whistleblower Act") against Westgate (Count V); Inducement to prostitution in violation of Fla. Stat. § 796.09 against Westgate and Siegel (Count VI); Battery against Westgate and Siegel (Count VII); False Imprisonment against Westgate and Siegel (Count VIII); and Negligent Retention against Westgate (Count IX). The corporate Defendants (Westgate) and the individual Defendant have filed separate motions to dismiss.

## *BACKGROUND*

The Court must accept the alleged facts as true for purposes of considering the motions to dismiss and must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). The current Complaint alleges that Plaintiff was employed by the corporate defendants,[1] and during her tenure, Siegel repeatedly sexually harassed her. Plaintiff alleges that Siegel kissed her without her permission at a 1995 Christmas party (Allegations 14-16); followed her around at an August 1996 party and told her he was in love with her (Allegations 36-38); asked her to attend a party as his date in 1996 (Allegations 44-47); sent Plaintiff roses on Valentines Day 1997

---

[1] Plaintiff refers to Central Florida Investments, Inc. "and its related companies" CFI Sales and Marketing, LTD., Westgate Resorts, Inc. and Westgate Resorts, LTD., collectively as "CFI," and asserts that Defendant Siegel is President and Chief Executive Officer of CFI (Allegations 4, 6). Plaintiff alleges that she was employed by CFI (Allegations 10 and 12). Thus, it is not clear which of the corporate defendants is the employer or if Plaintiff is alleging that all of them were.

-2-

(Allegation 48); offered her a check for $10,000.00 in March 1997, which was returned by Plaintiff (Allegations 50-53); made "romantic overtures" toward her on a business trip in May 1997 (Allegations 54-59); tried to buy her expensive gifts at Tiffany's on another business trip (Allegations 61-70); repeatedly tried to date her in 1997, enlisting the aid of other employees (Allegations 73-88); harassed her at a November 1999 party (Allegations 117-141); tried to get her to go with him and others to a strip club (Allegations 144-152); in 2000, "continued to make unwanted sexual advances toward" her, which included touching (Allegation 155, as detailed in Allegations 169-197); offered her a million dollars if she would have sex with him (Allegations 198-203); on June 1, 2000, pinned her against the wall (Allegation 217); on June 20, 2000, "slapp[ed] Plaintiff on the buttocks" (Allegation 218); and through the Thanksgiving holiday in November 2000, "continued to touch and grab" her in weekly spa treatments Plaintiff gave him (Allegations 248-251).

Plaintiff alleges that she was suspended on December 6, 2000, and terminated on December 13, 2000 (Allegations 252, 259, 266). On September 12, 2001, Plaintiff filed a charge of discrimination (Allegation 271). On September 21, 2001, Defendants initiated a lawsuit against Plaintiff in state court, alleging that she failed to pay for home improvements and temporary housing supplied by Defendants as compensation during her employment (Allegation 272). Defendants filed another lawsuit against Plaintiff on April 5, 2004, alleging that Plaintiff failed to repay a loan (Allegation 276). Plaintiff asserts that these lawsuits were baseless and brought in retaliation of her claims of sexual harassment.

### *STANDARDS AND ANALYSIS*

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41

45-46 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

### Counts I and II - Title VII harassment and retaliation

Westgate asserts that these counts must be dismissed because they allege conduct that occurred *before* November 19, 2000 (300 days before the date the Charge of Discrimination was filed on September 12, 2001) and are therefore untimely. *See* 42 U.S.C. § 2000e-5(e)(1); *EEOC v. Joe's Stone Crabs, Inc*., 296 F.3d. 1265, 1271-1272 (11th Cir. 2002). While Defendant is correct in that much of the conduct set forth above can be viewed as discrete acts that fall without this time period, and are therefore non-actionable, the operative Complaint alleges that Plaintiff was "touched and grab[bed]" through the Thanksgiving holiday in 2000, which the Court notes was just after November 19, 2000. Plaintiff's suspension and firing also occurred after November 19, 2000. Thus, while most of the allegations are time-barred to the extent Plaintiff seeks to base her cause of action upon them, to the extent Plaintiff has alleged some discrete conduct that is within the limitations period, it is inappropriate to dismiss these counts on that ground.[2]

Defendant argues that Plaintiff fails to establish a prima facie case for retaliation in that post termination action cannot be retaliation. To state a claim for retaliation under Title VII, Plaintiff must allege that (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision. *Shannon v. BellSouth Telecommunications, Inc.*, 292 F.3d 712, 715 (11th Cir. 2002) (citing *Johnson v. Booker T. Washington Broad. Serv., Inc.,* 234 F.3d

---

[2]It is therefore unnecessary at this point to sift through the various allegations in order to determine whether any of the otherwise time-barred acts could fall under the continuing violation doctrine. *See National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002). Likewise, no determination need be made at this time a to the scope of discovery or the admissibility of specific items of evidence.

501, 507 (11th Cir. 2000)); *Pipkins v. City of Temple Terrace, Fla.*, 267 F.3d 1197, 1201 (11th Cir. 2001) (citing *Gupta v. Fla. Bd. of Regents,* 212 F.3d 571, 587 (11th Cir. 2000)).  Here, Plaintiff has alleged (albeit inartfully) that she complained about Siegel's behavior in November 2000 to a human resources person (Allegations 243-247), activity which is protected by Title VII; that she subsequently suffered adverse employment action, namely suspension and termination in December 2000; and that "Plaintiff was terminated in retaliation for objecting to the sexual harassment she suffered and for refusing Defendant Siegel's sexual advances." (Allegation 270).  Thus, Plaintiff has alleged all three elements for a retaliation claim.  As such, dismissal of the count on this ground is inappropriate.[3]

### Counts III and IV - FCRA discrimination/harassment and retaliation

As the Florida Civil Rights Act ("FCRA") is patterned after Title VII, Florida courts have construed the FCRA in conformity with decisions construing Title VII.  *Harper v. Blockbuster Entertainment Corp.,* 139 F. 3d 1385, 1387 (11th Cir. 1998).  As such, with respect to its motion to dismiss these counts, Westgate reincorporates its arguments directed to the Title VII counts set forth above, with slight variation.[4]  The motion should be denied for the reasons already stated.

### Count V- Florida's Whistleblower Act

Fla. Stat. § 448.102 provides, in pertinent part:

An employer may not take any retaliatory personnel action against an employee because the employee has:

---

[3]To the extent Defendants contend that the alleged post-termination actions cannot be included as a basis for a retaliation claim, this argument goes to the weight and admissibility of the evidence and is not pertinent to the issue of whether Plaintiff has stated a claim. Because she has adequately alleged pre-termination actions which are sufficient to state a claim for retaliation, we need not look further for present purposes.

[4]Westgate notes that FCRA has a filing requirement of 365 days, making any claims of discrete acts that occurred prior to September 11, 2000 non-actionable.

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. * * *
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

In order to establish a prima facie case of retaliation under the Act, Plaintiff must plead and prove that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity. *White v. Purdue Pharma, Inc.*, 369 F.Supp.2d 1335, 1336 (M.D. Fla. 2005) (citing, *inter alia, Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000); *Rice-Lamar v. City of Ft. Lauderdale*, 853 So.2d 1125, 1132 (Fla. 4th DCA 2003); and *Taylor v. Memorial Health Sys., Inc.*, 770 So.2d 752, 754 (Fla. 5th DCA 2000)). Section 446.102(3) requires an actual, and not merely a perceived, violation of a "law, rule, or regulation." *White*, 369 F.Supp.2d at 1337-39. *See also Hogan v. Country Club of Brevard, Inc.,* 2005 WL 1572985 (M.D. Fla. July 1, 2005) (slip opinion). Importantly, the statute provides that "[a]n employee who has been the object of a retaliatory personnel action in violation of this act may institute a civil action in a court of competent jurisdiction for relief as set forth in subsection (2) within 2 years after discovering that the alleged retaliatory personnel action was taken, or within 4 years after the personnel action was taken, whichever is earlier. Fla. Stat. § 448.103(1)(a).

As set forth above, the state Whistleblower's Act bars an employer from taking retaliatory *personnel* action against an employee. The only adverse employment actions alleged are the

suspension and termination of employment, which occurred in December 2000.[5] As Plaintiff notes in her papers, she first made her sexual harassment and related claims in a counterclaim filed in state court on May 20, 2004 (Doc. No. 59 at 2). As only adverse employment actions that occurred within the two years prior to that date would be timely, and Plaintiff has failed to allege any such action, the motion to dismiss this count should be granted.[6]

### Count VI - inducement to prostitution

Defendants move to dismiss this count, asserting that Fla. Stat. § 796.09, does not, as a matter of law, apply to the facts as alleged. Section 796.09 provides, in pertinent part:

> (1) A person has a cause of action for compensatory and punitive damages against:
> (a) A person who coerced that person into prostitution;
> (b) A person who coerces that person to remain in prostitution; or
> (c) A person who uses coercion to collect or receive any part of that person's earnings derived from prostitution.

Siegel asserts that the statute applies only to prostitutes and, as Plaintiff has not alleged that she is or was a prostitute, she has no cause of action, citing *Melissa Sasser v. Clinic Pulmonary and Infectious Diseases, P.A. and Earl H. Eye, Jr.,* Case No. 3:02cv1144-J-20HTS (M.D. Fla. March 6, 2003) (opinion attached to Doc. No. 53). In *Sasser,* on like facts, Judge Schlesinger interpreted the statute to provide a cause of action "for those actually engaged in prostitution." (*Id.*, granting motion to dismiss and holding that the statute does not provide a cause of action in employment cases). Plaintiff argues that this interpretation ignores the statute's definition of the word "coercion," to wit:

---

[5]It can be argued that the general harassment Plaintiff alleges to have occurred during her entire tenure of employment was itself an adverse employment action. The Court need not reach this issue, as any such "action" necessarily predated her termination and is therefore time-barred.

[6]The Court rejects Plaintiff's contention that the subsequent lawsuits brought by Defendants well after her termination were adverse employment actions. The Act does not purport to immunize former employees from any and all actions taken by a former employer; it addresses only retaliatory *personnel* actions. Plaintiff has failed to show how even the most liberal reading of the operative complaint supports her conclusion that the lawsuits were employment actions.

> (3) As used in this section, the term "coercion" means any practice of domination, restraint, or inducement for the purpose of or with the reasonably foreseeable effect of causing another person to engage in or remain in prostitution or to relinquish earnings derived from prostitution.

Plaintiff contends that, as coercion includes inducement, the statute provides a cause of action to anyone who "induces," successfully or unsuccessfully, another to commit prostitution. The Court disagrees. As noted by Judge Schlesinger, "the plain meaning of the statute provides a cause of action against a person who has coerced (past tense) another into prostitution or who coerces (present tense) another to remain in prostitution." *Sasser; see also Balas v. Ruzzo,* 703 So.2d 1076, 1078 (Fla. 5th DCA 1998) (noting that the statute was "designed to encourage prostitutes to sue their pimps" and that it "provides a person with a civil cause of action for compensatory and punitive damages against anyone who coerces that person into prostitution, who coerces that person to remain in prostitution, or who uses coercion to collect or receive any part of that person's earnings derived from prostitution.") Plaintiff's interpretation would render the word "remain" meaningless.

As Plaintiff has not alleged that any Defendant coerced her into engaging in prostitution, this count fails to state a cause of action, and the motion to dismiss it should be granted.

**Count VII - Battery**

The corporate defendants move to dismiss this count on a theory that they cannot be held liable for an employee's intentional torts. Siegel moves to dismiss to the extent the battery claim includes conduct occurring without the four year statute of limitations. Neither argument is persuasive.

As Siegel admits that the battery claim rests, in part, on allegations that fall within the limitations period, Plaintiff has stated a viable cause of action and there is no reason to dismiss the

count. Siegel's argument that time-barred actions cannot bolster a battery claim is better presented in a motion dealing with the merits of the claim.

Similarly, Westgate's position that it cannot be held responsible for intentional torts is not an argument directed to the issue of whether a cause of action has been stated. Westgate does not argue that a corporation can never be held liable for the actions of its employees as a matter of law; rather, Westgate contends that Plaintiff must "prove" a basis for such liability and, in this case, Westgate disputes that such proof is available. As above, whether Plaintiff can eventually prove her case is all but irrelevant to the issue of whether she has properly stated a claim.

A corporate employer, like an individual employer, may be held liable for damages based on the legal theories of either direct or vicarious liability. *Schropp v. Crown Eurocars, Inc.*, 654 So.2d 1158 (Fla.1995) (noting (1) vicarious liability based on the willful and malicious actions of an employee with a finding of independent negligent conduct by the corporation; or (2) direct liability based on the willful and malicious actions of managing agents of the corporation.) With respect to direct liability, a corporation may be held liable, based on the wrongful acts of a high ranking employee. *See Kent Ins. Co. v. Schroeder,* 469 So.2d 209, 210 (Fla. 5th DCA 1985) (upholding judgment of corporate liability for compensatory and punitive damages resulting from the intentional tort of battery, finding :"Thus, by virtue of his position as corporate president of Gags and the manager of the bar owned by Gags, the acts of McElfish are indistinguishable from the acts of the corporation itself.")

As for vicarious liability, in addition to liability for willful and malicious actions, coupled with a finding of corporate negligence, under the doctrine of *respondeat superior*, an employer can be held liable for the tortious or criminal acts of an employee, if the acts were committed during the course

of the employment and to further a purpose or interest, however excessive or misguided, of the employer. *See Nazareth v. Herndon Ambulance Serv., Inc.,* 467 So.2d 1076, 1078 (Fla. 5th DCA 1985); *accord Perez v. Zazo,* 498 So.2d 463, 465 (Fla. 3d DCA 1986).  While, as Westgate contends, sexual assaults and batteries by employees are generally held to be outside the scope of an employee's employment, and are therefore, insufficient to impose vicarious liability on the employer, "an exception may exist where the tortfeasor was assisted in accomplishing the tort by virtue of the employer/employee relationship." *Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.,* 783 So.2d 353, 357 (Fla. 3d DCA 2001), citing *Nazareth*, 467 So.2d at 1078.  As this district has recognized: "The conduct of an employee is within the scope of his employment, for the purposes of determining the employer's vicarious liability to third persons injured by the employee, only if (1) the conduct is of the kind he was employed to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master." *Resley v. Ritz-Carlton Hotel Co.*, 989 F.Supp. 1442, 1448 (M.D. Fla. 1997), *citing Sussman v. Fla. E. Coast Properties, Inc.*, 557 So.2d 74, 75-76 (Fla. 3d DCA 1990).

Here, Plaintiff has alleged facts which support several theories of direct and vicarious liability. Plaintiff asserts not only open and notorious actions committed by the President and Chief Executive Officer, but has specifically alleged that at "all times material" Siegel acted "both as agent of Defendant CFI and in his individual capacity." (Allegation 282).  Moreover, Plaintiff has alleged actions of other high-ranking officials and employees in encouraging her to date Siegel, and, liberally construed, expressing knowledge and tacit approval of the unwanted attentions (*See* Allegations 78, 81, 235-237, 247).  Plaintiff has implied that such encouragement was, at least in part, to serve the

master. While the Court expresses no opinion on the likelihood of Plaintiff ultimately being able to prove corporate liability here, for present purposes, she has adequately plead it.

The motions to dismiss this count should be denied.

**Count VIII-False imprisonment**

Westgate and Siegel contend that this count fails to state a claim and is barred by the four year statute of limitations. Both sides agree that under Florida law, false imprisonment is the unreasonable and unwarranted restraint of a person against her will. *See Spears v. Albertson's, Inc.,* 848 So. 2d 1176 (Fla. 5th DCA 2003) and *Stockett v. Tolin,* 791 F. Supp. 1536, 1556 (S.D. Fla. 1992). Although Defendants assert that the complaint contains no such allegation, Plaintiff correctly notes that Allegation 217 provides that "on or about June 1, 2000, Defendant Siegel pinned Plaintiff against the wall in the lobby of the spa . . .". Construing the complaint liberally, this allegation, coupled with the complaint's allegations that the attentions of Siegel were unwelcome, states a claim for false imprisonment. *Stockett.*

As for the statute of limitations, Plaintiff asserts that she first made allegations about Siegel's unwelcome touching in a counterclaim filed May 20, 2004, in response to the suit filed by Defendants.[7] Utilizing Rule 15(c)(2), Fed. R. Civ. P., and reviewing the allegations of the counterclaim (*See* Doc. No. 1, Exhibit 2), the Court finds that the claim adequately relates back to the date of the original pleading – May 20, 2004. As the occurrence alleged to constitute false

---

[7]The history of this case is procedurally complex. Defendant CFI filed a suit against Plaintiff in county court on April 5, 2004. On May 19 or 20, 2004 (Plaintiff contends that it was the 20th), Plaintiff answered and counterclaimed against present defendants for sexual harassment and various torts. On June 4, 2004, that action was removed to federal court, but the District Court remanded the action to county court, finding that a counterclaim could not serve as a basis for removal. The county court transferred the action to circuit court, as the amount sought exceeded the jurisdictional limits of county court. On September 21, 2004, dismissed CFI's claim against Plaintiff, without prejudice, designated Meyers as the plaintiff and ordered her to serve her complaint by October 1, 2004. She did, and Defendants removed it to this Court. *See* Doc. No. 1.

-11-

imprisonment occurred June 1, 2000, the claim is not time-barred. The Court recommends that this motion be **denied** as to this count.

### Count IX- negligent retention and supervision

Westgate seeks dismissal of this count as: 1) the underlying wrong must be based on an injury resulting from a common law tort, and 2) Plaintiff has failed to satisfy Florida's impact rule. This district has held:

> Under Florida law, negligent retention occurs when, during the course of employment, the employer becomes aware of or should have become aware of problems with an employee that indicated the employee's unfitness, and the employer fails to take action such as investigating, discharge, or reassignment. *See Watson v. The City of Hialeah*, 552 So.2d 1146, 1148 (Fla. 3d DCA 1989); *Garcia v. Duffy*, 492 So.2d 435, 439 (Fla. 2d DCA 1986). The underlying wrong committed by an employee must be based on an injury resulting from a tort which is recognized under common law. See *Scelta v. Delicatessen Support Services, Inc*., 57 F.Supp.2d 1327, 1348 (M.D. Fla. 1999) (citations omitted). In Florida, in order to recover damages for emotional distress in connection with a negligent hiring, supervision and retention claim, a plaintiff must demonstrate that the emotional stress suffered flowed from injuries sustained in an impact. *Id.; see also R.J. v. Humana of Florida, Inc*., 652 So.2d 360 (Fla.1995).

*Perez v. Pavex Corp.*, 2002 WL 31500404 (M.D. Fla., October 18, 2002).

Far from being the minority view, as Plaintiff suggests, this statement of the law has been followed in this, and other, districts. *See Quezada v. Circle K Stores, Inc.,* 2005 WL 1633717 (M.D. Fla. July 7, 2005) (slip opinion); *Grice v. Air Products and Chem., Inc.,* 2000 WL 353010, 82 Fair Empl. Prac. Cas. (BNA) 532 (N.D. Fla. Feb 17, 2000); *Cooper v. Miami-Dade County*, 2004 WL 2044288, (S.D. Fla.), *aff'd*, ___ F.3d ___ (11th Cir. Mar. 29, 2005) (TABLE NO. 04-13632); and, generally, *Williams v. City of Daytona Beach*, 2005 WL 1421293 (M.D. Fla. Jun 16, 2005) (NO. 604CV1879ORL19KRS) (discussing the continued vitality of Florida's impact rule in a different context.)

Applied here, it is clear that Plaintiff's cause of action for negligent retention or supervision is no more than a claim for common law negligent failure to maintain a workplace free from sexual harassment; a cause of action which is not cognizable in Florida.  *See Castleberry v. Edward M. Chadbourne, Inc.*, 810 So.2d 1028, 1030-31(Fla. 1st DCA 2002); *Scelta v. Delicatessen Support Serv., Inc.*, 57 F.Supp.2d 1327 (M.D. Fla.1999).[8]  Moreover, Plaintiff alleges no physical injuries sufficient to satisfy the impact rule.  It is recommended that this count be dismissed.

### *CONCLUSION*

For the reasons set forth above, it is therefore **respectfully recommended** that the motions to dismiss be **granted, in part and denied, in part,** and that Counts V, VI and IX be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 1, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[8]Although Plaintiff appears to rely on *Byrd v. Richardson-Greenshields Securities, Inc.*, 552 So.2d 1099 (Fla.1989), for the proposition that Florida permits a cause of action for common law negligence for sexual harassment, as noted by Judge Jordan of the Southern District in the *Cooper* case, the Florida Supreme Court specifically declined to reach this issue in *Byrd*. *See Byrd*, 552 So.2d. at 1105 ("We express no opinion as to whether petitioners in this case have alleged sufficient facts to state a cause of action [for failure to maintain a workplace free from sexual harassment] under the common law, an issue we do not reach."). *See Cooper, supra.*