# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAWN GEORGETTE MYERS,**

          **Plaintiff,**

**-vs-**                                       Case No.  6:04-cv-1542-Orl-28DAB

**CENTRAL FLORIDA INVESTMENTS, INC., DAVID SIEGEL, WESTGATE RESORTS, INC., WESTGATE RESORTS, LTD., WESTGATE LAKES, INC., WESTGATE LAKES, LTD., CFI SALES AND MARKETING, LTD., MICHAEL MARDER, GREENSPOON, MARDER, HIRSCHFELD, RAFKIN, ROSS & BERGER, P.A.,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO COMPEL (Doc. No. 62)**
>
> **FILED:**       August 31, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

At issue is the scope of discovery in this Title VII action, with related state claims. The present posture of the case should n be noted. The undersigned has issued a Report and Recommendation directed to the various counts of the operative Complaint. Included in the Report

is a recommendation that certain of the state law action claims be dismissed, but not the Title VII counts, the state law FCRA claims, the claim for false imprisonment, nor the claim for battery. Objections are pending to the Report. As the instant motion is ripe, the Court proceeds with the assumption that the Title VII and related state law claims noted above are viable, pending final resolution of the motion to dismiss by the District Court.

The parties identify three areas of dispute with respect to the Plaintiff's Interrogatories and Request for Production of Documents.

***Requests for information and documents pertaining to Defendant's internal investigation of Plaintiff's allegations of sexual harassment***

Plaintiff sought via Interrogatory and related Request for Production to discover documents and details related to any investigation conducted by Defendants into her allegations. In response, Defendants objected, asserting:

> Westgate learned for the <u>first time</u> of Plaintiff's allegations of discrimination by Siegel and Westgate through the Equal Employment Opportunity Commission ("EEOC") on or about November 2001 when it received a copy of the EEOC Charge filed by Plaintiff on September 12, 2001. At that time Westgate conducted an internal investigation in order to respond to Plaintiff's EEOC and in anticipation of litigation. However, Westgate's investigation of Plaintiff's EEOC Charge is protected by attorney-client privilege and work product. See Privilege Log.

The privilege log identifies four responsive documents: one facsimile from Human Resources representative Sandy Jones to Richard Epstein, Esq.[1] regarding the charge, two emails from Sandy

---

[1] The Court notes that Mr. Epstein is with the law firm of Greenspoon Marder, P.A., counsel to Defendants in this litigation.

Jones to Myrna Mayonset, Esq.,[2] regarding the EEOC complaint and investigation, and notes of Ms. Maysonet regarding Respondent's Position Statement and multiple conversations with Sandy Jones.

Plaintiff asserts that these documents are discoverable "under the general employment discrimination principles established in *Faragher v. City of Boca Raton,* 118 S.Ct. 2275 (1998) (requiring employers to conduct investigations of discrimination claims) and *Harding v. Dana Transport, Inc.,* 914 F. Supp. 1084 (D. N.J. 1996) (waiving privilege for investigation where employer puts investigation at issue)." (Doc. No. 62 at 4). The Court is unpersuaded.

In *Faragher,* the United States Supreme Court held:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Civ. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. While proof that an employer had promulgated an antiharassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense. And while proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing an unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense. No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment. [internal citation omitted].

*Faragher v. City of Boca Raton*, 524 U.S. 775, 807-808, 118 S.Ct. 2275, 2292-2293. Plaintiff has not shown how these general principles translate to a wholesale waiver of the attorney client privilege in

---

[2] Ms. Mayonset is also with Greenspoon Marder, and counsel of record in this litigation.

-3-

*this* case, where Defendants have yet to file an Answer to the operative complaint, and there is no showing that the employer has placed the investigation at issue.

As noted by Defendants, the investigation occurred well after Plaintiff's employment ceased and *after* the parties were already litigating against each other in state court.³ Thus, this was not a standard *Faragher* investigation where a complaint is made internally by an existing employee and an employer follows standard procedure in investigating that complaint for purposes of undertaking prompt and corrective action. Unlike the defendant in the *Harding* case relied upon by Plaintiff, this investigation was clearly undertaken in anticipation of *continued* litigation, as the parties were already adverse. To the extent Plaintiff contends that *all* investigations are discoverable in a Title VII case, she is mistaken. *See McGrath v. Nassau County Health Care Corp.*, 204 F.R.D. 240, 244 (E.D. N.Y. 2001) (rejecting suggestion that employers "put any post-harassment investigation conducted at issue simply by invoking the *Faragher-Ellerth* defense"; noting that "[s]uch a proposition would be contrary to controlling Second Circuit law and would eviscerate both the attorney-client privilege and the work product doctrine."); *see also Davis v. Emery Air Freight Corp.*, 212 F.R.D. 432, 435 (D. Me. 2003) (rejecting argument identical to that made by Plaintiff, noting: "any such investigation could only have been undertaken after the plaintiff had filed a complaint with state and federal human rights agencies; according to the complaint, that was the first complaint of any kind filed by the plaintiff. Litigation was at that point already underway, and the adequacy of any investigation that might have taken place at that time could not itself serve as a defense to the plaintiff's charges here.")

---

³On September 21, 2001, Defendants initiated a lawsuit against Plaintiff in state court, alleging that she failed to pay for home improvements and temporary housing supplied by Defendants as compensation during her employment (Allegation 272 of the operative complaint). Defendants assert in their response to the interrogatory above that they did not know of or investigate the EEOC claim until November 2001.

As this is the only investigation undertaken by Defendants with respect to the allegations of sexual harassment made by Plaintiff,[4] unless and until Defendants attempt to place this particular investigation at issue, the communications between the corporate representative and its outside counsel are privileged. The motion to compel is **denied,** with respect to Interrogatory No. 3 and Request to Produce No. 5.

### *Request for information and documents pertaining to other claims of discrimination*

Plaintiff seeks (as modified) any records or information pertaining to oral or written complaints of discrimination (including lawsuits) of Westgate's Florida entities over a five year period. Defendants have objected to the request as irrelevant and unduly burdensome.

The law in this circuit is that "the scope of discovery in Title VII cases is not without limits." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992). The information sought must be relevant and not overly burdensome to the responding party, and discovery should be tailored to the issues involved in the particular case. *Id.* (internal citations omitted). Here, however, the information sought (other complaints of discrimination) is relevant and (as modified by Plaintiff to include only the Florida properties and a five year period) reasonable.

Defendants contend that there is no relationship between claims of other types of discrimination (such as age or race) in other facilities and Plaintiff's allegations of sexual harassment at Westgate Lakes. Among the issues in this case is Defendant's alleged retaliation against Plaintiff, and whether the Defendants knew of and condoned Siegel's alleged discrimination against his employee. Discovery of other claimants alleging discrimination of any sort could well lead to

---

[4] Although Plaintiff alleges that she reported the harassment to Human Resources prior to her termination, Defendant's response quoted above would appear to indicate its position that no such reporting occurred. In any event, there is no evidence of any investigation undertaken as a result of Plaintiff's alleged reporting.

evidence of other instances of retaliation or corporate unwillingness to address employee Title VII complaints.

Defendants next contend that discovery of other complaints is unduly burdensome in that it would require a manual search of over 10,000 employee records. The showing of undue burden is unpersuasive. In an organization such as Westgate, the corporate human resources or legal department ordinarily receives a copy of any charge or complaint and would be aware of any complaint or lawsuit filed against the company. Defendant has failed to demonstrate that the only way to respond to this discovery meaningfully is to review over 10,000 individual files.

The motion to compel is **granted,** with respect to Interrogatories 15 and 16, and Request 3, as modified by Plaintiff to include only Florida properties and only complaints from January 1, 2000 to the present.

### *Request for information and documents pertaining to net worth*

Defendants object to Plaintiff's requests for documents evidencing Defendants' net worth as irrelevant, because Siegel cannot be held liable individually for a Title VII violation and the discovery is premature. Siegel is being sued for battery and false imprisonment, not for individual Title VII liability. *See* Plaintiff's Second Amended Complaint (Doc. No. 47). Moreover, as noted by Judge Kornblum in *Naomi Canoy v. Gilmore Resorts, Inc.,* Case No. 5:02cv321-SPM/AK (opinion attached to Doc. No. 62 as Exhibit G), most federal courts which have addressed the issue have adhered to the view that information about a defendant's net worth is relevant whenever punitive damages are pled and is therefor discoverable on that basis. The Court does, however, agree that at this stage, there is no reason to allow the information to be part of the public record. Therefore the motion to compel is **granted, in part**, with respect to Requests 12 and 13, in that Defendants will respond with

appropriate documentation of their respective net worths. The documents, however, are to be provided to Plaintiff's counsel, solely for appropriate use in this litigation.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record