# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAWN GEORGETTE MYERS,**

          **Plaintiff,**

**-vs-**                                          **Case No. 6:04-cv-1542-Orl-28DAB**

**CENTRAL FLORIDA INVESTMENTS,**
**INC., CFI SALES AND MARKETING,**
**LTD., WESTGATE RESORTS, INC.,**
**WESTGATE RESORTS, LTD., and DAVID**
**SIEGEL,**

          **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR SANCTIONS AND MOTION TO COMPEL (Doc. No. 99)**
>
> **FILED:**      **January 31, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff brings her motion, contending that Defendants have not been forthcoming in discovery; specifically, in responding to this Court's Order[1] compelling production of information

---

[1] In its response, Defendants assert that the September 29, 2005 Order entered by this Court (Doc. No, 74), was a Report and Recommendation, which Defendants timely objected to. Defendants assert: "This is not an Order," apparently implying that Defendants were under no obligation to abide by it. Defendants are, of course, wrong on both counts. Doc. No. 74 is exactly what it says it is – an Order. As such, the objection filed was, as reflected in the docket, an *appeal* of the Order. Filing an objection to a discovery order does not operate as a stay of the Order. *See White v. Burt Enterprises,* 200 F.R.D. 641, 642-43 (D. Col. 2000); Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3069 (noting that "a timely

relating to other claims of discrimination, and pertaining to Defendants' net worth. Plaintiff seeks sanctions for the alleged non-compliance, including contempt, assessment of punitive damages, and a variety of other measures. Plaintiff also moves to compel discovery relating to Request 17 ("All electronic mail, correspondence, notes or any other written communication to or from David Siegel, Mark Waltrip, Paul Bosch, John Guemple, Gary Pearce, Bob Normington or Bill Toth concerning Georgette Myers) and Request 21 ("All photographs, cards, documents, receipts, electronic mail, salon products or any other tangible items removed from Georgette Myers' office at Papillion Spa"), which she contends were not produced, as well as the investigative file of the Jorge Rios investigation. The motion to compel is **denied.** The motion for sanctions is **granted, in part.**

**Sanctions**

In what has become the hallmark of this litigation, both sides continue to accuse the other of obstructive or disingenuous conduct with respect to discovery.

Here, Plaintiff asserts that Defendants have not produced all the information it sought with respect to the list of other discrimination complaints, and none of the information regarding net worth has been produced. Defendants contend that: 1) the motion is defective because it does not comply with Local Rule 3.01(g); 2) the motion is untimely in that it was brought after the discovery cut-off; and 3) the motion is without merit in that the list of discrimination complaints provided is complete and "Defendants provided current net worth totals . . . shortly after Plaintiff filed her motion."

---

objection does not automatically render the magistrate judge's ruling invalid until the district court acts on the objection."). As another court noted, "allowing the automatic stay of [a] magistrate [judge]'s orders would not only encourage the filing of frivolous appeals, but would grind the magistrate [judge] system to [a] halt." *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb Inc.,* 124 F.R.D. 75, 79 (S.D. N.Y. 1989).

The objection to the motion's failure to comply with Local Rule 3.01(g) is well taken, but in view of the history of this case, the omission is not fatal. Nor is the Court persuaded by the untimeliness argument. Had Defendants timely complied with this Court's Order rendered in September, no doubt the issue would have been joined sooner. As for the merits of the motion, the record indicates that *after* the motion was filed, Defendants finally complied with production of net worth information.[2] The Court finds this lengthy delay to be unreasonable, and worthy of sanction.

This Court ordered that the net worth information be provided, on September 29, 2005 (Doc. No. 74). While the Order did not provide a particular deadline, it is certainly clear that such production was to occur within a reasonable time; *at the very latest* within the discovery time period. Production did not actually occur until February 1, 2006 (Doc. No. 101), well after the expiration of the discovery period. Defendants contend that the "short delay" is somehow justified due to the pendency of their objections to the Court's September Order. As the pendency of the objection does not serve to stay the provisions of the Order,[3] this argument is unavailing. Moreover, even if the objections excused compliance (which they did not), the District Court overruled the objections on December 23, 2005. The net worth information was not produced until well over a month later.[4] There is no justification for the delay, let alone "substantial" justification, nor is the Court persuaded that the delay was harmless. By providing discoverable information well past the deadline, Defendants have assured that Plaintiff's counsel cannot conduct further discovery on the issue, to clarify, verify or challenge the representations made. Indeed, Plaintiff contends that she has been

---

[2]It appears that Defendants provided the other information January 20, with later supplementation.

[3]See footnote 1.

[4]The Court is similarly unpersuaded that the "intervening holidays" justified the delay.

-3-

prevented from taking the deposition of Defendants' Chief Financial Officer with respective to this information.[5] Sanctions are appropriate pursuant to Rule 37, and are hereby imposed in the amount of $500.00, payable to Plaintiff as motion costs.

**Motion to Compel**

Unlike the motion for sanctions, the motion to compel is based on Plaintiff's belief that all the documents have yet to be produced. Absent more than mere suspicion, however, the Court is inclined to take defense counsel at their word that all responsive documents have now been produced, or are available for inspection. The motion is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on February 27, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[5] Defendants objected to providing net worth discovery, and represented to the Court that if it were to be allowed, it should be obtained through deposing Mr. Dugan. *See* Doc. No. 78 at 12. Defendants now appear to assert that Plaintiff "chose" not to depose Mr. Dugan "at her own peril" and that it is too late to do so now that the discovery deadline has passed. As Defendants refused to provide the net worth discovery, due to a misguided belief that they did not have to while the appeal was pending, it is disingenuous to suggest that, in fact, it would have provided the information if Plaintiff had only chosen to go forward with the deposition.