# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DAWN GEORGETTE MYERS,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-1542-Orl-28DAB**

**CENTRAL FLORIDA INVESTMENTS, INC., CFI SALES AND MARKETING, LTD.,  WESTGATE RESORTS, INC., WESTGATE RESORTS, LTD., and DAVID SIEGEL,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO REVIEW BILL OF COSTS (Doc. No. 151)
>
> **FILED:** May 17, 2006
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

    Plaintiff seeks review of the Clerk's taxation of costs, consistent with the Bill of Costs filed by the prevailing Defendants.  The Clerk taxed the following:

    **Fees for service of summons and subpoena**　　　$866.00

    **Court Reporter fees**　　　　　　　　　　　　　$4,534.41

| | |
|---|---|
| **Fees for witnesses** | $480.00 |
| **Fees for exemplification and copies** | $1,802.00 |
| **Total:** | $7,682.41 |

Plaintiff has objected to many of these costs, and Defendants have filed a response (Doc. No. 156). The matter is now ripe for review.

As recognized by the parties, unless otherwise provided, taxable costs are those set forth in 28 U.S.C. § 1920, which reads, in relevant part:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under section 1828 of this title.

*Fees for service of summons/subpoenas*

Plaintiff objects to the $430.00 in "rush" fees, charged by the process servers, contending that Plaintiff should not have to pay for Defendants' tardiness in service. Defendant contends that "the vast majority of subpoenas" were timely turned over to the process servers, almost a month before the trial but some of the subpoenas were rushed because the server had not been able to serve those persons and service was required before trial. Defendants assert that they incurred these fees in good faith and, even though the subpoenas were timely presented to the servers, "Defendants were unable to control service and could only monitor the status." (Doc. No 156 at 4). The Court is unpersuaded by this argument, and finds that the $430 in rush fees should be disallowed. To the extent the subpoenas were timely presented to the servers they should have been timely served, and any penalty

for the servers' delay should be borne by the party that hired them, and not charged to the adversary.

Plaintiff also objects to the costs of service of subpoenas for a trial that did not occur. This argument, however, is specious. At the time of service, Defendants had no way of knowing that summary judgment would in fact be granted just shy of the trial date. Issuance and service of these subpoenas were a necessary part of trial preparation and fairly taxable to Plaintiff. Thus, the Court finds that total proper taxable costs for this category are **$436.00.**

### *Court Reporter fees*

Plaintiff objects to the charges for an expedited deposition transcript, and for videotaping her deposition. The Court finds the objections to be without merit. While normally, the Court does not approve rush charges, Defendants have shown that Plaintiff's deposition was rescheduled at her request, thus necessitating the expedited delivery of the transcript in order to meet the summary judgment deadline. Under these circumstances, the charge is taxable. As costs of a videotaped deposition are allowable if necessarily incurred, *Morrison v. Reichold Chemicals,* 97 F.3d 460, 464 (11th Cir. 1996), and this particular witness was pivotal to the case, the Court finds that it was reasonable to order both a videotape and a transcription of the deposition. As it appears that the depositions were necessarily obtained for use in the case, the court reporter costs of **$4,534.41** are properly taxable.

### *Fees for witnesses*

Plaintiff objects to the witness fees of $480 (12 witnesses at $40 each) on the grounds that: 1) the trial did not occur, so the witnesses should reimburse these fees and 2) the subpoenas were invalid anyway, as Defendants did not tender mileage fees, as required by law. The first point is without merit, as a witness is under no legal obligation to return his witness fee, even if he is never

called to testify.  As to the failure to tender mileage, the Court finds that, if anything, that oversight *helps* Plaintiff, as Plaintiff would also have to reimburse the mileage costs, had they been tendered.  At this point, the ultimate enforceability *vel non* of the subpoenas is all but irrelevant.  The question is, was it reasonable to subpoena witnesses for trial and pay them a witness fee?  As the answer is yes, witness fees are appropriate.  As Defendants note that two witnesses have since reimbursed the tendered fee, the Court finds that the objection should be **sustained, in part** and witness fee costs in the total amount of **$400** should be allowed.[1]

*Copies*

Plaintiff correctly notes that it is Defendants' burden to support the claim for copying costs.  Generally, the party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case.  *Helms v. Wal-Mart Stores, Inc.,* 808 F.Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993); *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 353 (N.D. Ga. 1992). Here, Defendants present invoices which do not clearly describe what was copied.  In response to the motion, Defendants assert that the charges are for an audiotape used in a deposition; for color pictures and for trial exhibits and required copies for the Court.  While a more specific breakdown would have been helpful, considering the amount of written materials and exhibits (approx. 188 defense exhibits) at issue, the total amount charged for copying (**$1,802.00)** is quite reasonable for a case of this size.  The objection should be overruled.

## *CONCLUSION*

---

[1] Defendants err in their brief in that two witness fees at $40 each equals $80, not $40.

For the foregoing reasons, it is **respectfully recommended** that the motion be granted, in part and denied, in part. The Court should modify the Clerk's award of costs to include **$436.00** in summons/subpoena fees; **$4,534.41** in court reporter fees; **$400.00** in witness fees; and **$1,802.00** in copying charges, for a total of **$7,172.41.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 19, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy