# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAWN GEORGETTE MYERS,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　Case No. 6:04-cv-1542-Orl-28DAB

**CENTRAL FLORIDA INVESTMENTS, INC., CFI SALES AND MARKETING, LTD., WESTGATE RESORTS, INC., WESTGATE RESORTS, LTD., and DAVID SIEGEL,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   **AMENDED MOTION FOR WRIT OF GARNISHMENT (Doc. No. 166)**
>
> **FILED:**     **April 5, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Once again, the papers do not comply with the statutory procedure set forth in Chapter 77. To the extent the papers seek a continuing writ of garnishment, there is no allegation that the purported garnishee is Plaintiff's employer, (*see* Fla. Stat. § 77.0305) nor have Defendants tendered the appropriate form for a continuing writ to garnish salary or wages. For that matter, Defendants

have not tendered to the Clerk the Notice to Defendant (Fla. Stat. § 77.041) for attachment to the Writ.[1]

The motion is **denied.** Counsel are directed to research the proper method of obtaining a continuing writ of garnishment under Florida law, prior to any future attempts.

> **MOTION:**    **MOTION FOR BOND (Doc. No. 168)**
>
> **FILED:**    **April 9, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

The motion may be renewed upon compliance with Local Rule 3.01(g).

**DONE** and **ORDERED** in Orlando, Florida on April 11, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Although Florida law provides that the Clerk shall attach the Notice to the Writ, Local Rule 1.07(a) directs counsel to prepare all such papers for the Clerk.