## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DAWN GEORGETTE MYERS,**

**Plaintiff,**

**-vs-**                                                    **Case No.  6:04-cv-1542-Orl-28DAB**

**CENTRAL FLORIDA INVESTMENTS,
INC., CFI SALES AND MARKETING,
LTD.,  WESTGATE RESORTS, INC.,
WESTGATE RESORTS, LTD., and DAVID
SIEGEL,**

**Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**     **MOTION TO STRIKE BILL OF COSTS (Doc. No. 260)**
>
> **FILED:**       **March 24, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part;
> to the extent it seeks review of the Bill, and that the Court **vacate** the Clerk's
> taxation of costs in favor of Plaintiff, **strike** the Proposed Bill of Costs filed by
> Defendants, and **decline** to award any costs to any party in this case..

The history of this case is long and complex and set forth in the District Court's most recent

Order, directing entry of an amended judgment "providing that in accordance with the jury's verdict

and this Order, Plaintiff shall take nothing from Defendants on her claims under Title VII or the

Florida Civil Rights Act and that on her battery claim Plaintiff shall recover from the Defendants

$103,622.09 in compensatory damages, as well as $506,847.75 in punitive damages, for a total award of $610,469.84." (Doc. No. 288).

Following the jury verdict, Plaintiff filed a Bill of Costs (Doc. No. 251), and the Clerk taxed costs against Defendants, in the amount of $7,885.17 (Doc. No. 259).  The instant objection/motion followed, as did Plaintiff's response brief (Doc. No. 265), and, by agreement of the parties, enforcement of the Bill of Costs (and thus resolution of this objection) was stayed, pending disposition of the numerous post-trial motions.  Following the issuance of the District Court's Order and the Amended Judgment (Doc. No. 289), Defendants have filed their own Bill of Costs (Doc. No. 290).

For the reasons set forth herein, the Court **respectfully recommends** that the Motion to Strike Bill of Costs be **granted, in part,** to the extent it seeks review of the Bill, and that the Court **vacate** the Clerk's taxation of costs in favor of Plaintiff, **strike** the Proposed Bill of Costs filed by Defendants, and **decline** to award any costs to any party in this case.

Rule 54(d)(1), Fed. R. Civ. P. provides, in pertinent part:

*Costs Other Than Attorney's Fees*.  Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party.

Although there is a presumption that costs should be awarded to the prevailing party, the presumption is not absolute. *Chapman v. AI Transp*., 229 F.3d 1012, 1038 (11th Cir. 2000) (*en banc*) (the Rule "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise.");*Head v. Medford,* 62 F.3d 351, 354 (11th Cir. 1995) (noting that district court has discretion to deny a prevailing party costs, but such discretion is not unfettered); *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir.1984) (if the court exercises its

discretion to deny costs to the prevailing party, it must provide its reasons for doing so).  In cases

where the results were mixed, courts have discretion to disallow costs for either side.  *See* 10 Charles

Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2668, at 241-42

(3d ed.1998) ("In some instances costs have been denied to both sides.  This result has been

considered appropriate when neither side entirely prevailed."); *see also Dorsey v. Academy Moving

& Storage,  Inc.*, 423 F.2d 858 (5th Cir. 1970) (no error in directing each party to bear its own costs).

Applied here, by virtue of their filing of cost bills, both sides claim to be the prevailing party.

This Court, however, finds that this is a classic "mixed result" outcome, and neither side can claim

prevailing party status.  Although Plaintiff received a healthy jury verdict on her battery claim, the

District Court has found that she was not the prevailing party on her Title VII claim, her Florida Civil

Rights Act claim, nor on her dismissed claims for abuse of process, slander, malicious prosecution,

conspiracy, and for contractual attorney's fees.  *See* Doc. No. 288, at 10-17.  Moreover, the jury

verdict was reduced considerably on post-trial motion.  As for Defendants, an award to Plaintiff of

over a half million dollars in punitive damages belies any claim that they "prevailed" here.  The

record shows a hard-fought litigation where both sides took serious losses, and neither side can claim

complete (or even substantial) victory.  This is not a case where an award of costs is appropriate.  It

is therefore  **respectfully recommended** that the Court decline to do so.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on November 4, 2008.



*David A. Baker*

-3-

 

 

                                                    DAVID A. BAKER
                                   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy