# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAWN GEORGETTE MYERS,**

        **Plaintiff,**

**-vs-**                                                     **Case No. 6:04-cv-1542-Orl-28DAB**

**CENTRAL FLORIDA INVESTMENTS,
INC., CFI SALES AND MARKETING,
LTD., WESTGATE RESORTS, INC.,
WESTGATE RESORTS, LTD., and DAVID
SIEGEL,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO DISSOLVE CHARGING LIEN (Doc. No. 321)**
>
> **FILED:**       **May 4, 2010**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED to the extent it seeks to dissolve the lien, but GRANTED to the extent it seeks to strike the Notice of Lien, without prejudice to pursuing the claim in state court.**

      The history of this matter is long and complex, but the pertinent facts, for present purposes, can be summarized as follows. On November 2, 2001, well prior to the institution of the instant suit, Plaintiff retained Mark E. Tietig and his firm Tietig & Tietig, P.A. with respect to a number of disputes she was having with David Siegel and related entities. According to the papers filed with

respect to the instant motion, Tietig represented Plaintiff before the Florida Commission on Human Relations, and in an appeal to the Florida Department of Administrative Hearings, and defended her in a lawsuit filed by Siegel and related entities in state court (the "rent and renovations" suit).

In addition to the rent and renovations suit, Siegel filed a second lawsuit against Myers in state court, for an allegedly unpaid loan. In that suit, Plaintiff counterclaimed for, among other things, Title VII violations, and Defendants removed that action. The District Court remanded the action, opining that the counterclaims could not serve as a basis for removal. Upon remand, the state Circuit Court dismissed the loan claim against Myers, without prejudice, and ordered Myers denominated as the plaintiff in that action. She served her complaint on October 1, 2004, and Defendants removed the action again to this Court, where it became the present action. *See* Doc. No. 1.

Meanwhile, the rent and renovations suit proceeded to a trial date in state court. Due to Mrs. Tietig's illness, the Tietigs failed to attend trial and a default judgment was entered against Myers on December 14, 2004. Myers then "hired another attorney to explore the possibility of a malpractice claim against T&T." (Doc. No. 326-1). According to Tietig, an agreement was reached where T&T would post Myers's bond while Tietig appealed the default judgment in the rent and renovations suit, and Myers affirmed her agreement to pay T&T for all of T&T's costs and attorney fees out of any recovery she obtained in the instant case or any related case. The Agreement was reduced to writing (Doc. No. 321-1) and is attached to the motion. It purports to contain a general release by Myers for any and all malpractice, errors, omissions, or other actions that T&T might have committed, and grants T&T a lien in the instant federal case for all fees incurred by T&T in the Myers state and federal cases. Plaintiff and Tietig dispute whether that agreement was subsequently modified by the parties.

The state appellate court granted Myers' appeal, and the trial was reset. Tietig represented Myers in the state court retrial, and Myers prevailed. While she recovered her costs, she did not recover an award of attorney's fees.

Plaintiff fired Tietig on March 11, 2005, and he promptly withdrew from representation in the federal action (Doc. No. 37). The instant litigation, with new counsel, continued and eventually proceeded to jury trial and judgment, in part, for Plaintiff. The Eleventh Circuit of Appeal has affirmed the judgment, mandate has issued and the case is closed.

The Agreement was signed by Plaintiff on April 25, 2005. Tietig filed a Notice of Attorney's Lien in this action on May 2, 2005 (Doc. No. 50) and again on February 4, 2010 (Doc. No. 319). The basis of the lien is apparently the Agreement between the parties. According to Plaintiff: "Tietig has taken the position that Myers is now obligated to pay for all the fees for the duration of the renovation/rent suit and all of T&T's work on this case up to the point of Myers discharge of T&T. T&T seeks fees of $235,710.00 from the total recovery in this suit . . ."

Plaintiff filed the instant motion, seeking to dissolve the lien, based on a variety of legal and equitable state law principles. As there is neither an independent basis for federal jurisdiction over this Agreement, nor supplemental jurisdiction, and there is good cause not to exercise supplemental or ancillary jurisdiction over this claim if such were available, it is **respectfully recommended** that the motion be **denied, without prejudice** to the parties pursuing their remedies in state court.

## *ANALYSIS*

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The jurisdiction of this Court over the Plaintiff's complaint was based on federal question jurisdiction. It is clear, however, that the underlying claims in this case have been

fully resolved, with judgment entered and the case closed. As such, the Court's original jurisdiction over the matters involved in Plaintiff's complaint has ended. In order to entertain the motion, therefore, the parties must show some other basis for jurisdiction. As such is lacking here, the Court is without jurisdiction to entertain the motion.

The pending motion is predicated on a state law claim for breach of contract/enforcement of the Agreement brought before the Court via a charging lien. There is no contention that this claim falls within the federal question jurisdiction of the Court. Moreover, although the amount in controversy exceeds $75,000.00, there is no showing that the Florida attorney is diverse in citizenship from the Florida Plaintiff. Finally, there is no showing that this contract claim falls under any constitutional or statutory grant of federal court jurisdiction. As such, the Court finds there is no original jurisdiction over this claim.

Although not briefed (or addressed at all) by the parties, the Court takes notice that federal courts have, at times, adjudicated state law charging liens under the authority of ancillary jurisdiction. The Court may exercise its supplemental jurisdiction over certain claims pursuant to 28 U.S.C. § 1367, which reads:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims *that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.* Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C.A. § 1367 (emphasis added). Applied here, the question is whether an Agreement that purports to encompass all of the fees incurred in a *state court* suit and appeal is so related to claims in this federal action that it forms the same case or controversy. Clearly, it is not.

-4-

To the extent the lien is itself encompassed in the parties' Agreement, which counsel seeks to enforce, the lien is no more than a "thinly disguised action to collect on a promissory note." *See Federal Savings and Loan Ins. Corp. v. Ferrante,* 364 F. 3d 1037, 1042 (9th Cir. 2004) (finding no jurisdiction over claim of lawyer against client on promissory note based upon attorney's fees incurred in underlying action). As the Agreement is unrelated to Plaintiff's claims against Defendants in this suit, an action on the Agreement is not within the Court's supplemental or ancillary jurisdiction.

Even if the Court ignores the Agreement, and looks solely to the charging lien and what it purports to cover, the result is the same. The Southern District has addressed the jurisdictional issue with respect to charging liens, setting forth a standard for evaluation:

> Under an accepted four-factor test for district courts to apply when determining whether to exercise ancillary jurisdiction, we must consider the following factors: (1) an ancillary matter should arise from the transaction that was the basis of the principal proceeding, during the course of the principal proceedings, or as an integral part of the main proceeding; (2) the federal court should be able to determine the matter without a substantial new factfinding proceeding; (3) failing to determine the matter should not deprive a party of any important procedural or substantive right; and (4) the matter should be decided if necessary to protect the integrity of the principal proceeding or insure that its disposition is not frustrated.

*Hogben v. Wyndham Intern., Inc.*, 2007 WL 2225970, 5 (S.D. Fla. 2007) (internal citation omitted).

Applied here, the charging lien did not arise solely from the basis of the principal proceeding, but purports to arise largely from the defense of a state law claim for rent and renovation expenses. "The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery *in that particular suit.*" *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So.2d 1383, 1384 (Fla.1983) (emphasis supplied). While there are numerous cases where courts have exercised supplemental or ancillary jurisdiction over charging liens timely filed which relate solely to work performed in that particular suit, that is

not what the instant lien purports to address. There is no showing that the state court suit for rent and renovation is an integral part, let alone any part, of the instant proceeding. *See Hogben, supra* at 8, ("To involve a federal court, after the underlying claims have been dismissed, over a lawyer's fee dispute that is generated from work performed in other actions is an undue extension of the supplemental jurisdiction statute.")

As for the remaining factors, it will be impossible to determine this complex, contested matter without substantial evidentiary proceedings and fact finding. Further, the parties are no strangers to state court, and the rights of the parties can be adequately protected there. Finally, nothing about the charging lien is necessary to protect the integrity of the judgment here or any matter encompassed therein. Put simply, the Court finds that this lien is not part of the same case or controversy presented in the Complaint, and this Court has no jurisdiction to entertain it. *See Pay Television of Greater New York v. Sheridan,* 766 F.2d 92, 94 (2nd Cir.1985) (affirming district court's refusal to exercise ancillary jurisdiction where the majority of the fees requested arose from work unrelated to the action before the court and "[w]e have held that the district court is limited to setting fees that arise from the underlying action; it may not set fees for work done on unrelated actions."); *Jenkins v. Weinshienk,* 670 F.2d 915, 919 (10th Cir. 1982) ("We believe that the federal court has no jurisdiction to adjudicate the amount of fees properly owing between Jenkins and his clients with respect to matters unrelated to litigation before the court. To hold otherwise would open the federal courts to possible manipulations to circumvent diversity requirements . . .").

Even if this Court determines that supplemental or ancillary jurisdiction may exist, based solely on the portion of the lien that purports to address the brief period of time Tietig was counsel in this court, the Court finds that the District Court should nonetheless decline to exercise jurisdiction. Title 28 U.S.C. § 1367(c) provides:

> c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c).

Applied here, the district court has no active claim over which it has original jurisdiction before it, and clearly this fee dispute substantially predominates over any collateral issue remaining with respect to the original claim.[1]  While the issues are not novel, they are complex, in view of the numerous state law principles involved.  Finally, as the Court has no jurisdiction to adjudicate the fee dispute with respect to the state law action, it is more efficient for the parties to litigate the issue of fees in the only forum that can provide complete relief:  the state courts.

## *CONCLUSION*

For the reasons set forth above, it is **respectfully recommended** that the motion be **denied,** to the extent it seeks to dissolve the lien, and **GRANTED** to the extent it seeks to strike the Notice of Lien, without prejudice to the parties pursuing their remedies in state court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 26, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The file indicates that there is a pending motion in the appellate court to recall the mandate (Doc. No. 325)

-7-

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy